**In re APOGEE ROBOTICS, INC. and AGV Acquisitions, Inc.**

**FOSS REALTY, INC., Defendant–Appellant,**

v.

**APOGEE ROBOTICS, INC., Plaintiff–Appellee.**

Civil Action No. 96–K–2608.
Bankruptcy No. 94–22193.
Adversary No. 96–1653 PAC.

United States District Court,
D. Colorado.

Feb. 13, 1997.

Thomas F. Quinn, Pearl, Solomon, Blum & Quinn, Denver, CO, for Plaintiff–Appellee.

Donald T. Trinen, Hart & Trinen, L.L.P., Denver, CO, for Defendant–Appellant.

## DECISION ON APPEAL

KANE, Senior District Judge.

At issue in this bankruptcy appeal is a somewhat procrustean—but correct—application of the Colorado Uniform Commercial Code's provisions regarding certificated securities.

Appellant Foss, who was given a stock certificate by Apogee as collateral for a $200,000 loan, intentionally or mistakenly (the story changed after summary judgment entered against Foss in the bankruptcy court) returned the certificate to Apogee before the loan was repaid. The result was that, at the time Apogee filed for Chapter 11 protection, Foss no longer held a perfected security interest in the certificate and its lien against it was subject to avoidance under 11 U.S.C. § 544. Foss seeks a reversal of the bankruptcy court's orders granting Apogee's Motion for Summary Judgment and denying Foss's Motion to Alter or Amend and to Consider Additional Evidence. I affirm.

■ Foss's initial defense to Apogee's Motion for Summary Judgment was that its President, Stephen Foss, sent the certificate back to Apogee in September 1994 pursuant to a written repayment agreement such that Apogee held it as an agent or bailee of Foss under Colo.Rev.Stat. § 4–8–321(1) and (4). The agreement provided for a new certificate to be issued in Foss's name for 75,000 shares of stock in satisfaction of the loan, and Foss asserted he sent the original certificate back solely so the stock held as collateral could be registered in his name.

Unfortunately for Foss, § 4–8–321(4) provides that a creditor's interest in a security so transferred remains perfected for a period of 21 days only. Viewing the facts in the light most favorable to Foss, Judge Clark found Foss's interest in the certificate became unperfected, at the latest, on October 21, 1994. *See* Order on Summary Judgment (R. Vol. I, Tab 41, pp. 5–8). Because Foss's defense failed as a matter of law, the bankruptcy court entered summary judgment against Foss and in favor of Apogee.

■ After a change in counsel, Foss changed its legal theory to one of mistaken transmission and conversion. In support of Foss's Motion to Alter or Amend, Stephen Foss submitted a new affidavit stating that rather than having sent the certificate back to Apogee pursuant to the September 1994 repayment agreement, he had actually sent it back in April 1994 by mistake.

■ Foss argued Apogee was liable for conversion by keeping the mistakenly delivered certificate, and urged the imposition of a constructive trust. Because property held

by a debtor in constructive trust does not become part of the bankruptcy estate and cannot be taken by a trustee under any lien avoidance statute, Foss concluded it had maintained "constructive possession" of the certificate despite having returned it to Apogee, or, alternatively, that it was entitled to recover the certificate pursuant to Colo.Rev. Stat. § 4–8–315 based on "wrongful transfer." The bankruptcy court rejected both contentions.

In a well reasoned written order, Judge Clark found Foss had failed to establish grounds for revisiting the summary judgment order under Fed.R.Bank.P. 9023 or Fed.R.Civ.P. 59(e). *See* Order Denying Foss's Motion to Alter or Amend Judgment and Request to Consider Additional Evidence (R. Vol. I, Tab 59). She went on, however, to consider whether the outcome would have been different under Foss's new theory of relief and affidavit.

As Judge Clark noted in her Order, Foss had come forward with no authority to support its constructive trust theory and failed also to offer any evidence to support its allegation that Apogee knew before November 1994 that the certificate had been returned to it by mistake. Nor, the Judge continued, was there any evidence in the record to support Foss's contention that Apogee had defrauded or otherwise "wrongfully" caused Foss to return the certificate. Finally, as a coup de grâce, Judge Clark observed that even if Foss had been entitled to recover the certificate on the date Foss first demanded it in November 1994, the timing of any such recovery—after Apogee had ceased doing business and no more than 30 days before it filed for bankruptcy—would have subjected it to avoidance as a preferential transfer under 11 U.S.C. § 547.

Judge Clark's findings and conclusions require no correction or amplification. While the result may appear harsh, it is the direct consequence of Foss's own negligence or mistake and not of any demonstrable wrongdoing on the part of Apogee.